[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-13242
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 14, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00348-CR-T-24-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD J. TRUCCHIO,
a.k.a. Ronnie One Arm,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 14, 2006)

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Ronald J. Trucchio ("Trucchio") appeals the district court's order denying his motion to dismiss on double jeopardy grounds. For the reasons that follow, we affirm.

## I. BACKGROUND

A grand jury indicted Trucchio for one count of conspiracy to violate the Racketeer Influenced and Corrupt Organizations ("RICO") laws, in violation of 18 U.S.C. § 1962(d). Specifically, the grand jury charged that Trucchio was a "capo" or "captain" in the Gambino crime family who supervised and controlled Mafia "crews" operating in New York, New Jersey, the Southern District of Florida, the Middle District of Florida, and elsewhere, in return for "tribute," or a share of the crews's proceeds. According to the indictment, members of the crew included John Alite, Steven Catalano, Michael Malone, Kevin McMahon, Terry Scaglione, Pasquale Andriano, and others (collectively, "the Alite crew"). The grand jury further charged that the statutory enterprise, an association in fact, was the Alite crew, operating under the authority of the Gambino crime family, and that, between 1984 and 2005, Trucchio and the Alite crew conspired with each other to violate § 1962(c). The pattern of racketeering activity was premised upon 11 violations of federal and state laws, including murder, extortion, and drug trafficking.

Prior to the instant case, a Southern District of Florida grand jury convicted Trucchio for RICO conspiracy. There, the grand jury charged that Trucchio was a capo in the Gambino crime family who supervised and controlled Mafia crews operating in New York, Florida, and elsewhere. According to the indictment, the crew in question referred to themselves as the "Liberty Posse" and the "Young Guns," and included Peter Zuccaro, Kevin Antinuche, Gennaro Bruno, Edward Callegari, Robert Bucholz, Darrin Sirrota, Frank Roccaforte, David Prevete, and Jamie Carr, and others (collectively, the "Liberty Posse crew"). The grand jury further charged that the statutory enterprise, an association in fact, was the Gambino crime family and that, between 1986 and 2004, Trucchio and the Liberty Posse conspired to violate § 1962(c). That pattern of racketeering activity was premised upon 17 violations of federal and state laws, including murder, extortion, and drug trafficking.

## II. DISCUSSION

On appeal, Trucchio argues that because he may be convicted of the instant charges based upon the same facts for which he was tried and convicted in the Southern District case, the district court should have granted his motion to dismiss. He asserts that the conspiracy charged in the instant case is identical to the conspiracy charged in the Southern District case because (1) the time periods

3

overlap, (2) there is overlap in the persons charged with the conspiracy, and (3) all of the criminal offenses charged in the instant case, except violations of New Jersey law, were charged in the earlier case. Next, Trucchio asserts that neither of the indictments identify an enterprise other than the Gambino crime family and that, essentially, the government created artificial divisions within that enterprise for the purposes of the prosecutions. Finally, he argues that the government's Rule 404(b) letter in the Southern District case stated that all the evidence presented at trial was relevant and material to that case, and, thus, because the government failed to give him notice of the uncharged crimes of the Alite crew, all of the evidence was direct evidence of the charged conspiracy.

This court reviews *de novo* a district court's ruling on double jeopardy. *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1360 (11th Cir. 1994). We have jurisdiction to review interlocutory orders regarding application of the Double Jeopardy Clause. *United States v. Duarte-Acero*, 208 F.3d 1282, 1284 (11th Cir. 2000).

The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause protects defendants in three situations: (1) A second prosecution for the same offense after acquittal; (2) A second prosecution

4

for the same offense after conviction; and (3) Multiple punishments for the same offense. *Jones v. Thomas*, 491 U.S. 376, 380-81, 109 S. Ct. 2522, 2525 (1989). Generally, when presented with a double jeopardy claim to charges involving distinct statutory provisions, the courts must determine "whether each provision requires proof of an additional fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932). We have noted, however, that the *Blockburger* test is insufficient to analyze a double jeopardy challenge to successive conspiracy charges, because the government "could divide a single conspiracy into two separate charges by alleging different overt acts for the two conspiracies when in fact only one conspiracy existed." *United States v. Loyd*, 743 F.2d 1555, 1562 (11th Cir. 1984). We also have observed that "the peculiar nature of the RICO statute" further complicates the analysis. *United States v. Ruggiero*, 754 F.2d 927, 931 (11th Cir. 1985).

Section 1962(c) of the RICO statute provides:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). In *Ruggiero*, we held that "pattern of racketeering activity" is a separate element of the RICO offense, and, thus, a defendant may be

5

prosecuted for more than one violation of § 1962(c) in connection with the same enterprise, without violating the Double Jeopardy Clause, so long as each violation involved a different pattern of racketeering activity. *Ruggiero*, 754 F.2d at 931. We enumerated five factors to be considered in determining whether a defendant has been charged with different patterns of racketeering activity: (1) whether the activities occurred during the same time periods; (2) whether the activities occurred in the same places; (3) whether the activities involved the same persons; (4) whether the two indictments alleged violations of the same criminal statutes; and (5) whether the overall nature and scope of the activities set out in the two indictments were the same. *Id.* at 932. The fifth factor is the most important factor. *Id.* at 933. We also noted that the presence of one particular "racketeering act" in both indictments was "not significant," as one racketeering act may be part of two different patterns of racketeering activity. *Id.* at 934.

Because the two indictments charged different patterns of racketeering activity, specifically the activities of two different Mafia "crews" under Trucchio's control, each of which engaged in similar but distinct activities, we conclude that the district court did not err in denying Trucchio's motion. Accordingly, we affirm the district court's order denying Trucchio's motion to dismiss.

AFFIRMED.